UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
TODD ERICK LUNDQUIST,              )
                                               )
                  Plaintiff,   )   Case No. C14-1785RSL
        v.                    )
                                        )   ORDER GRANTING DEFENDANTS'
THE STATE OF WASHINGTON, *et al.*, )   MOTION FOR SUMMARY
                                        )   JUDGMENT
                  Defendants.  )
_____)

This matter comes before the Court on the State defendants' "Motion for Summary Judgment for Failure to Comply with Statute of Limitations" (Dkt. # 23) and "Plaintiffs' [sic] Cross-Motion for Summary Judgment" (Dkt. # 26). Having reviewed the memorandum, declarations, and exhibits submitted by the parties, the Court finds that Mr. Lundquist's employment and contract-related claims are barred by all potentially-applicable statutes of limitation.

The continuing violation theory cannot save plaintiff's employment or contract-related claims: defendants' allegedly wrongful acts occurred in 2006, and they have done nothing within the limitations period that could be the basis for a suit at this late date.[1] Plaintiff alleges nothing but continuing ill effects from his 2006 termination and/or the denial of disability benefits. If

---

[1] Plaintiff's conversion or "deprivation of property" claims are the subject of a second motion for summary judgment. Dkt. # 28.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

continuing harm were all that is required to extend the limitations period indefinitely, every terminated employee who failed to receive a paycheck and every tort victim who incurred future medical bills would have an on-going right to sue regardless of the passage of time and the existence of a statutory limitations period. That is not the law, however. Plaintiff must allege continuing unlawful acts on the part of the defendants within the limitations period, not simply continuing ill effects of a long-ago act. In Martin v. Spokane, 55 Wn.2d 52, 56 (1959), for example, the City of Spokane made insufficient pension payments every month, each of which triggered a new limitations period. Martin was therefore allowed to recover the shortages he incurred during the three years prior to the filing of his complaint. In contrast, all elements of plaintiff's claims arose in 2006 and only the damage element has been repeated within the limitations period. There was no continuing violation, only continuing damages, and plaintiff's employment and contract-related claims are now time-barred.

For all of the foregoing reasons, the State defendants' motion for summary judgment is GRANTED and plaintiff's cross-motion is DENIED.

Dated this 4th day of August, 2015.

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT            -2-